UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

EDGAR ENCARNACION-LAFONTAINE,

Defendant.

13-cr-30-1 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.

Before the Court is defendant Edgar Encarnacion-Lafontaine's *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). ECF No. 202.

On December 11, 2014, Mr. Encarnacion-Lafontaine was found guilty of participating in a conspiracy to distribute marijuana, of participating in a separate conspiracy to distribute cocaine, of conspiring to commit extortion, of committing the substantive crime of extortion, and of conspiring to commit witness tampering. This Court sentenced Mr. Encarnacion-Lafontaine to a total of 180 months' imprisonment and five years' supervised release. ECF No. 187.

The FIRST STEP Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), permits an inmate to file a motion for compassionate release following the exhaustion of his or her administrative remedies with the Bureau of Prisons or 30 days after submitting a request to the appropriate Warden. See 18 U.S.C. § 3582(c)(1)(A). After these preconditions are met, the Court "may reduce the term

1

of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." Id. When this Court considers motions for compassionate release brought by a defendant, rather than the Bureau of Prisons, it has "broad" discretion to determine what qualifies as an extraordinary and compelling reason under 18 U.S.C. § 3582(c)(1)(A). United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020). This Court is not bound by the U.S. Sentencing Guidelines Manual's discussion of extraordinary and compelling reasons, id., though it may find this discussion "instructive." Garavito-Garcia v. United States, 544 F.Supp.3d 484, 490 (S.D.N.Y. 2021).

The crux of Mr. Encarnacion-Lafontaine's complaint is that he is now housed in a medium-security facility, rather than a low-security facility. Mr. Encarnacion-Lafontaine alleges that, at the facility where he is currently housed, he feels threatened by other inmates and this has caused him considerable anxiety and stress. He also alleges that he has been permitted to spend little time outside of his cell. However, to the extent that Mr. Encarnacion-Lafontaine seeks reassignment to a low-security facility, 18 U.S.C. § 3582(c)(1)(A) does not provide this Court with the authority to order reassignment to a different facility. And to the extent that Mr. Encarnacion-Lafontaine seeks, in the alternative, to be released from prison or have his sentence

2

materially reduced, the conditions that Mr. Encarnacion-Lafontaine alleges with respect to his detention in this particular facility, while stressful, do not qualify as an "extraordinary and compelling" reason for release, since they are, regretfully, ordinary accompaniments of incarceration in a medium-security facility. Accordingly, Mr. Encarnacion-Lafontaine's motion is hereby denied.

SO ORDERED.

Dated:   New York, NY

August 23, 2022                              JED S. RAKOFF, U.S.D.J.